MATTER OF GREEN

In Visa Petition Proceedings

A-14352272
A-14352273

*Decided by Board October 29, 1965*

Beneficiaries, born out of wedlock during the existence of their putative father's marriage to the United States citizen petitioner, are not stepchildren within the meaning of section 101(b)(1)(B), Immigration and Nationality Act, as amended, since there is no evidence of the existence of a family unit between the parties.

The cases come forward on appeal from the order of the District Director, New York District, dated August 9, 1965 denying the visa petitions on the ground that the husband of the petitioner was never married to the mother of the beneficiaries and therefore the petitioner has failed to establish that the beneficiaries are children within the meaning of section 101(b)(1) of the Immigration and Nationality Act; consequently the beneficiaries are not eligible for nonquota classification under section 101(a)(27)(A) of the Immigration and Nationality Act.

The petitioner is a native of Jamaica, a citizen of the United States by naturalization on December 6, 1957, 52 years old, female. She seeks nonquota status on behalf of the beneficiaries, Nicolette Alicia Green and Ann Marie Green, natives and citizens of Jamaica, born September 19, 1959 and August 29, 1956, respectively.

The petitioner alleges that the beneficiaries are her stepchildren, the illegitimate children of her husband, Sydney Oswald Green, whom she married in Jamaica on September 3, 1943. The petitioner has submitted the birth certificates of the beneficiaries, showing their mother to be Marion Charlton, the father not being shown. There have also been presented Baptism certificates relating to the beneficiaries showing they were baptized in Jamaica about 1961, the name of the father being Sydney Green, whom the petitioner married in September 1943. The files also contain an affidavit by Beatrice Francis, executed June 9, 1965 to the effect that she is the

grandmother of the beneficiaries and certifies that the father of these children is Sidney Green and the mother, now deceased, was her daughter, Marion Charlton. There is also in the files the affidavit of Sidney Green, dated May 26, 1965 to the effect that he is the father of the benefiriaries who were born out of wedlock.

It appears therefore that the petitioner was already married to her husband at the time he sired these beneficiaries by another woman. Even under the wording of section 101(b)(1)(B) of the Immigration and Nationality Act, as amended, it is difficult to perceive how the beneficiaries can be regarded as stepchildren. The beneficiaries are adulterine children or adulterine bastards. By the common law, as it still exists in England and Ireland and in some states, bastards cannot be legitimated; but in Scotland and on the continent of Europe generally, and by statute in many states, children are now legitimated by the subsequent marriage of their parents, provided the parents might legally have married at the time of the child's birth.[1] Adulterine children are the issue of adulterous intercourse and are regarded more unfavorably than the illegitimate offspring of single persons.[2]

Counsel seeks to equate the instant case with the case of *Nation v. Esperdy*, 239 F. Supp. 531 (1965). That case involved a beneficiary who was born out of wedlock on February 12, 1947. He was abandoned in infancy by his natural mother, the plaintiff commenced caring for him in 1949 and married the beneficiary's father in 1952 when the beneficiary was five years old. The plaintiff immigrated to the United States in 1957 and her husband followed a year later. The plaintiff became a naturalized citizen in 1962 immediately thereafter petitioned for the beneficiary's admittance on a nonquota visa. The court found that the legislative history of the amendatory Act of 1957, while tending in the Senate Report to sustain the government position that it applied only to the illegitimate child of a *mother* who subsequently married a United States citizen, was not compelling and did not control the interpretation of section 101(b)(1)(B) of the Immigration and Nationality Act. Observing that the plaintiff, her husband and the beneficiary had been a close family unit since shortly after the beneficiary's birth, and that immediately after citizenship was secured the plaintiff petitioned to unite the family unit, the court applied the "plain meaning" rule to the phrase "whether or not born out of wedlock," in view of the clearly expressed legislative intention to keep together

---

[1] *Webster's Unabridged Dictionary* (2d.ed.), "legitimate."

[2] *Bouvier's Law Dictionary* (3d.ed.); *Matter of D—M—*, 7 I. & N. Dec. 441; *Matter of F—*, 7 I. & N. Dec. 448, 451.

the family unit wherever possible. Finding in that case that a family unit existed, the court held *on the facts of the case* that the beneficiary was the plaintiff's stepchild.

In this case the beneficiaries are adulterine bastards who were born out of wedlock during the time their putative father was married to the petitioner. There is no evidence of the existence of a family unit. On the contrary, these illegitimate offspring indicated that the existing family unit between the petitioner and her husband was adversely affected. The petitioner was naturalized in 1957 and not until approximately eight years later has a visa petition been filed on behalf of the beneficiaries. There is no indication that the sympathetic factors which existed in the *Nation* case, and the existence of a family unit which greatly influenced the court's decision, are present in the instant case. The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.